STATE *vs.* JAMES R. CLELAND.

Washington. Decided June 7, 1878.

*Statutes,—construction of.*

Where the legislature by special act grants to A the privilege or license to do a certain act, as to erect a weir in certain tide waters, and afterwards by a general act gives all others the same right under certain conditions precedent, *Held*, that the general act does not operate as a repeal or modification of the special act.

*Thus*, by a special act of the legislature, approved January 24, 1876, Matthew Cleland, his heirs and assigns, were authorized to "erect fish weirs in tide waters below low water mark . . in front of his lands in Robbinston ; provided such weirs so erected shall not obstruct or interfere with navigation." By a general act, approved February 11, 1876, it was enacted that "any person intending to build . . a fish weir in tide waters, within the limits of any city or town in this state, may make application in writing to the municipal officers thereof," etc. If, after proper proceedings, "said officers shall decide that such erection would not be an obstruction to navigation, or an injury to the rights of others, and shall determine to allow the same, they shall issue a license under their hands to the applicant, authorizing him to make said erection." Both acts took effect upon their approval. *Held*, that the first act was not defeated or modified by the second.

ON REPORT.

INDICTMENT, charging the defendant with building a fish weir in the tide waters of Passamaquoddy bay, within the limits of the town of Robbinston, contrary to the statute of 1876, c. 78, approved February 11, 1876. Plea, not guilty.

It was admitted that the defendant, without a license from the municipal officers of Robbinston, was engaged in building a fish weir at the time and place charged in the indictment, when he was arrested on the warrant in this prosecution, acting under the authority of Matthew Cleland, in Robbinston ; and offered in his justification c. 201 of the special laws of 1876, approved January 24, 1876, taking effect from the date of its approval, and of the following tenor: "Matthew Cleland, his heirs and assigns, are hereby authorized to erect and maintain wharves and fish weirs below low water mark, in tide waters, at Mill cove and Passamaquoddy or St. Andrew's bay, in front of his land in Robbinston ;

provided the wharves and fish weirs so erected shall not obstruct or interfere with navigation."

If the right granted to Matthew Cleland was defeated by the act of February 11, 1876, the case to stand for trial, otherwise a *nolle prosequi* to be entered.

*L. A. Emery,* attorney general, with *C. B. Rounds,* county attorney, for the state.

*F. A. Pike & J. H. French,* for the defendant.

DANFORTH, J. By a special act of the legislature, approved January 24, 1876, " Matthew Cleland, his heirs and assigns, were authorized to erect fish weirs below low water mark, in tide waters . . in front of his land in Robbinston; provided such weirs so erected shall not obstruct or interfere with navigation."

On the eleventh day of February of the same year, the legislature passed a general act, c. 78, providing that any person intending to build a fish weir in tide waters, within the limits of any city or town in this state, may make application in writing to the municipal officers thereof, who, after proper proceedings, "shall issue a license under their hands to the applicant, authorizing him to make said erection, . . if said officers, after a hearing, shall decide that such erection would not be an obstruction to navigation, or an injury to the rights of others, and shall determine to allow the same."

The respondent is charged with a violation of the latter act. He produces no license, but, acting under the authority of Matthew Cleland, he justifies under the former. This presents the question which is, by the report of the case, submitted to the court, whether the special act was defeated by the general one. Both acts took effect upon their approval. The first act, therefore, was in full force when the second was passed. The first was a specific grant, acting upon a particular thing, enuring to the benefit of a single individual, his heirs and assigns. The second was a general act upon the same subject matter, and affecting the rights of persons generally. There is no allusion to the first act in the second, nor is there any repealing clause in the latter. The general act does not in terms refer to any past acts, but

relates to and provides only for the future. The right of Matthew had become complete and perfect, and without reference to the authority of the legislature to repeal such a grant, we cannot infer an intention to do so without the use of apt and sufficient words showing that purpose. As seen, no such words are used, nor is there any repugnance or inconsistency between the acts.

This right of building fish weirs is undoubtedly within the control of the legislature, and it is competent for that body to dispose of it by direct grant, or by such tribunal as may be constituted for that purpose, and upon such terms and conditions as may be prescribed. It is equally competent to dispose of a part of it in one way and a part in the other. The legislature has availed itself of this power in this case. To Matthew Cleland it conveyed by direct grant a special right, which became fixed and vested by the special law and which was undisturbed by the subsequent one.

As provided in the report,

*A nolle prosequi is to be entered.*

BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.

APPLETON, C. J., dissenting. By an act approved January 24, 1876, c. 202 of the special acts, authority was given to Thomas Cleland (under whom the defendant claims to do the acts complained of) " to erect and maintain wharves and fish weirs . . below low water mark, in front of his land in Robbinston, Maine; provided these wharves and fish weirs shall not obstruct or interfere with navigation."

This was a license and nothing more. The legislature had the right the next day to revoke or modify it. Had the act been general, giving authority to all persons to do what Thomas Cleland was specially empowered to do, there would be no doubt of the right of the legislature to limit, modify or repeal it. Because the act is specially limited to one person, the power of the legislature is not therefore lost or surrendered.

The remarks of Campbell, J., in *Christ Church* v. *Philadelphia County*, 24 How. 300, 302, are peculiarly applicable. When referring to an act of the legislature exempting the

property of the plaintiff corporation from taxation, he says: " This concession of the legislature was spontaneous, and no service or duty or other remunerative condition was imposed on the corporation. It belongs to the class of laws denominated *privilegia favorabilia.* . . It is in the nature of such a privilege as the act of 1833 confers, (granting the exceptions) that it exists *bene placitum,* and may be revoked at the pleasure of the sovereign."

On February 11, 1876, c. 78, an act was approved, by which " any person intending to build any wharf or fish weir in tide waters, within the limits of any city or town in this state," is to make application in writing to the municipal officers of the town or city where such intended erection is desired, who are to give notice to all parties interested to appear at a designated day, and if, on examination and hearing of all parties, they shall decide that such erection " would not be an obstruction to navigation, or to the injury of the rights of others," they shall issue a license authorizing the applicant to make such erection.

The defendant is indicted for acting in disobedience to the provisions of this act.

The defendant claims exemption from its operation. Is he thus exempt ?

When the act of February 11, 1876, c. 78, went into effect there were no fish weirs erected by Thomas Cleland or his assigns. The act is general. It embraces all fish weirs thereafter to be erected. There is no restriction upon, there is no limitation to, its all-embracing generality. It includes "any person intending," that is, all persons intending, and it matters not how long they may have so intended. It exempts neither person nor place from its operation. It requires that all persons who might intend to build wharves or weirs should be subject to certain restrictions.

Both acts were passed in the same session of the legislature. When two acts, repugnant and contradictory to each other, are passed in the same session, the last will have the effect of repealing wholly or *pro tanto* the previous statute. 22 E. C. L. 190. Brown's Legal Maxims, 33. This law in its generality embraces

all erections to be made after its passage. The special act, c. 212, belongs to that class of acts to be construed most strictly. Thomas Cleland is included in the term " any person." His land is equally subject to the law as that of every other citizen. If the act is a wise one, it should be applied to him and the wharves and weirs he may intend to build as well as to other citizens. Wise or not, he shows no reason why he should be exempted from its operation. The statute does not exempt him ; but, on the contrary, includes him alike within the language and equity of its provisions.

WALTON, J., added the following concurring note, which was also signed by DICKERSON, J. :

I concur in holding that the second act repealed the unconditional license granted by the first; that it was the duty of the defendant to comply with the conditions of the second act.