[Civ. No. 254.  Second Appellate District.—November 8, 1906.]

# FREDERICK S. MERRITT, Respondent, v. C. L. McFARLAND et al., Appellants, and GEO. F. WARD, Respondent.

NEGLIGENCE OF SUPERINTENDENT OF STREETS—DANGEROUS PLACE—LIABILITY ON OFFICIAL BOND.—It is the official duty of the superintendent of streets in a city, who has actual notice of the dangerous condition of a street, to see that it is remedied and the street kept in a reasonably safe condition; and for his negligence in that regard he and the sureties on his official bond are liable in damages to a person injured as the result thereof.

ID.—LIMITS OF STREET—RIGHTS OF PUBLIC.—All the territory platted and dedicated as a public street is within the limits of the street; and the public is entitled to the use of all that territory, whether traveled and worn down by vehicles or not.

ID.—EMBANKMENT FRONTING CROSS-STREET—ACT OF STREET SUPERINTENDENT—LIABILITY TO FOOT-PASSENGER.—Where the superintendent of streets, while improving one street by authority of the city trustees, created and left an embankment on one side of it, in front of a cross-street, which was an obstruction and danger to public travel, and was not protected by lights or otherwise, and the plaintiff, as a foot-passenger, was injured on a dark night, by tumbling over it from the cross-street, in a place where the sidewalk ought to be, the street superintendent is liable to plaintiff on his official bond.

ID.—CITY TRUSTEES NOT LIABLE AS PRINCIPALS—APPOINTMENT OF STREET SUPERINTENDENT.—There is no relation of principal and agent between the city trustees and the street superintendent, notwithstanding their appointment of him, as agents of the city. They are not responsible for the faithful performance of his duties, nor liable for injuries resulting from his official action or negligence.

APPEAL from a judgment of the Superior Court of Riverside County.  J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

W. A. Purington, Purington & Adair, and C. L. McFarland, for Appellants.

H. C. Hibbard, and Lafayette Gill, for Respondents.

GRAY, P. J. —This action is brought against the city of Riverside, a city of the sixth class, to recover damages for personal injuries sustained while the plaintiff was walking along Locust street by falling over an embankment at the intersection of Locust and Seventh streets in said city. The action is brought against the superintendent of streets of said city, the sureties on his official bond, and the city trustees of said city. Plaintiff had a verdict and judgment. The defendants appeal from the said judgment.

It is contended on behalf of the defendant, the superintendent of streets, T. K. Seburn, that his motion for a nonsuit should have been granted, because it was not shown that any duty rested upon him which he had failed to perform, or which he had performed in a negligent manner. With this we cannot agree. It was shown, without conflict, that under his supervision Seventh street at its intersection with Locust street had been cut down so as to leave an embankment two feet in height on one side of said Seventh street. It was also shown, or rather admitted in the pleadings, that Locust street and Seventh street were streets of said city dedicated to public travel; and while there is nothing to show that Locust street had ever been worked as such, the evidence, without conflict, shows that it was traveled as a public street; and further, that plaintiff while traversing said Locust street within the boundaries thereof and in the place where the sidewalk should be, but where no sidewalk was laid, in the darkness of the night, fell over said embankment into said Seventh street. It was further shown that the work so done on Seventh street by the superintendent was regularly and duly authorized by said city trustees. This embankment constituted an obstruction and, as the result shows, it constituted a danger to public travel. No protection in the way of lights, or in any other manner, was made by the superintendent of streets against such danger. The superintendent of streets had actual notice of the dangerous condition of this street. It was his duty to see that any such danger was remedied, and that the public streets of his city were kept in a reasonably safe condition. The Vrooman act (Stats. 1885, p. 160), section 22, provides as follows:

"It shall be the duty of the Superintendent of Streets to see that the laws, ordinances, orders, and regulations relating

to the public streets and highways be fully carried into execution, and that the penalties thereof are rigidly enforced. He shall keep himself informed of the condition of all the public streets and highways, and also of all public buildings, parks, lots, and grounds of said city, as may be prescribed by the City Council. He shall, before entering upon the duties of his office, give bonds to the municipality, with such sureties and for such sums as may be required by the City Council; and should he fail to see the laws, ordinances, orders, and regulations relative to the public streets or highways carried into execution, after notice from any citizen of a violation thereof, he and his sureties shall be liable upon his official bond to any person injured in his person or property in consequence of said official neglect.''

The following section, 23, reads as follows:

''If, in consequence of any graded street or public highway improved under the provisions of this Act, being out of repair and in condition to endanger persons or property passing thereon, any person, while carefully using said street or public highway, and exercising ordinary care to avoid the danger, suffer damage to his person or property, through any such defect therein, no recourse for damages thus suffered shall be had against such city; but if such defect in the street or public highway shall have existed for the period of twenty-four hours or more after notice thereof to the said Superintendent of Streets, then the person or persons on whom the law may have imposed the obligations to repair such defect in the street or public highway, and also the officer or officers through whose official negligence such defect remains unrepaired, shall be jointly and severally liable to the party injured for the damage sustained; *provided*, that said Superintendent has the authority to make said repairs, under the direction of the City Council, at the expense of the city.''

That the superintendent had the authority, under the direction of the city council, to do the work on Seventh street, which was the direct cause of the injury to plaintiff, is conceded. It must also be conceded that in doing said work he was proceeding in the line of his official duty and authority. The work was done by him as superintendent of streets. He had actual notice of the existence of the embankment, and both he and the sureties on his bond were equally liable for the

results of his negligence in leaving the street in such a dangerous condition.

As to the liability of the city trustees: they are only the agents of the city and, as such, they appoint the superintendent of streets. They do not, however, stand in the relation of principal to the superintendent, and are not responsible for the faithful performance of the duties of his office. Therefore, the verdict and judgment as against them is without support in the evidence.

We see nothing in the point that a public street must be confined to the part of the same which is traveled and worn down by passing vehicles. We understand that all that territory which is platted and dedicated as a public street is within the street, and that the public is entitled to the use of all that territory. But be that as it may, it appears here that the injury occurred at the intersection of two streets and within the boundaries of Seventh street as the same was actually worked and improved by authority of the board of trustees and by the act of the superintendent of streets. This being the case, there can be no question as to the liability of the superintendent.

We have examined the instructions given and refused in the case. We think the instructions given were as full and complete as the nature of the case required; that the instructions refused were properly refused because they did not come within the rules of law hereinbefore referred to and we find nothing in the appellants' contention with reference to the instructions of sufficient importance to require special consideration.

The judgment is affirmed as against Seburn and his sureties, Davis and House, and reversed as to the other defendants.

Allen, J., and Smith, J., concurred.