Rockingham, }
April 5, 1910. }

## Brown v. West & a.

Selectmen who undertake the work of highway repair as agents of the town are not constructively liable for damages happening to a traveler through negligence of a co-servant or agent, nor personally liable unless they directed or actively participated in the act which occasioned the injury.

CASE, for negligence, in which the plaintiff seeks to recover damages for an injury which he sustained on the night of September 18, 1908, while traveling on a public highway in Chester. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1909, of the superior court by *Wallace*, C. J., on the defendants' exceptions to the denial of their motions for a nonsuit and direction of a verdict in their favor.

The defendants were the selectmen of Chester in 1908. Pursuant to a vote of the town and in its behalf, they entered into a contract with the state to improve a certain highway in the town, under the provisions of chapter 35, Laws 1905, as amended by chapter 60, Laws 1907. In the execution of the contract and as selectmen of the town, they hired men to do the work of reconstructing the highway, placed one Nowell in charge as superintendent, and drew orders on the town treasurer for their pay. They also worked themselves upon the highway as teamsters, carting grade, stone, and water, and were paid therefor the same as other workmen, receiving nothing in addition.

The work of highway improvement consisted of drawing grade, spreading and rolling it down, then drawing on crushed rock of different grades (the finer being placed above the coarser), spreading it, sprinkling it with water, and rolling it. At the time of the accident, the carting of grade had been completed for a distance of about 150 feet in advance of the rock work; but for a space of twelve or fourteen feet back from where the grade began and the rock work left off, the crushed rock had not been rolled down. At this point the top of the rock was six inches or more above the surface of the grade. On the night of the accident the road was left in this condition, without lights to warn travelers, and the plaintiff, while driving over the road, ran into loose rock, was thrown from his carriage, and sustained the injury for which he seeks to recover. Other facts appear in the opinion.

*Ernest L. Guptill* and *Page & Bartlett*, for the plaintiff.

*Eastman, Scammon & Gardner* (*Mr. Eastman* orally), for the defendants.

BINGHAM, J. If there was evidence from which it could be found that the defendants had the general control and direction of the work of improving or reconstructing the highway, a question not decided, it was vested in them, not as principals, but as agents of the town. As agents they would not be constructively liable in an action of tort to the plaintiff, a stranger, for the negligence of their co-servants or agents. The doctrine of *respondeat superior* does not apply in such a case. But as individuals, and notwithstanding their agency, they would be liable if they participated in the act occasioning the injury, either by direct personal interference, or by giving directions which would make the act their own, although done by another. *Hill* v. *Caverly*, 7 N. H. 215, 218, 219; *Bacheller* v. *Pinkham*, 68 Me. 253; *Bowden* v. *Derby*, 97 Me. 536; *Brown* v. *Lent*, 20 Vt. 529, 531; *Nowell* v. *Wright*, 3 Allen 166, 170; *Breen* v. *Field*, 157 Mass. 277, 279; *Moynihan* v. *Todd*, 188 Mass. 301; *Barry* v. *Smith*, 191 Mass. 76, 87–89; *Farrigan* v. *Bevear*, 193 Mass. 147, 150; *Johnson* v. *Somerville*, 195 Mass. 370, 376–379; *Murray* v. *Usher*, 117 N. Y. 543; *Burns* v. *Pethcal*, 75 Hun 437, 442–444; *Canfield* v. *Railway*, 59 Mo. App. 354, 364; *Stone* v. *Cartwright*, 6 D. & E. 411, 412; 31 Cyc. 1563 d.

It could be found from the evidence that the act of preparing the highway for travel and leaving it without lights on the night of the accident was negligently performed, but it could not be found that the defendants or either of them were present and participated in the act, or that they gave directions that the road should be prepared and left for the night in the way it was. As to this, it appeared that Nowell, who had been employed to superintend the construction of the road for the town, was the person present at that time and that he did whatever was done in the way of preparing the road to be left. If the town might be held constructively responsible for Nowell's act, in the absence of a statute exempting it from liability (Laws 1903, *c.* 54, *s.* 6), the defendants cannot be. "Neither principle nor authority will warrant the holding a mere middleman—an intermediate agent between the master and the direct agent — constructively responsible for the acts of the latter." *Brown* v. *Lent, supra,* 533. The defendants' exceptions are sustained.

*Verdict set aside : judgment for the defendants.*

All concurred.