[Civ. No. 2889.    Second Appellate District, Division One.—November 6,  1919.]

HORACE M. DOBBINS, Appellant, v. CITY OF ARCADIA (a Municipal Corporation), et al., Respondents.

[1] NEGLIGENCE—UNGUARDED TRENCH ACROSS STREET—LIABILITY OF TRUSTEES FOR INJURIES.—The trustees of a city of the sixth class are not liable for injuries received by a person falling into a trench constructed across one of the city streets under the direction and supervision of the city engineer, pursuant to an order made by the board of trustees, where the injury is due to the negligence of the city engineer in leaving the trench improperly guarded and without any warning lights or signals, of which facts the trustees had no actual notice.

[2] ID.—NONLIABILITY OF TRUSTEES UNDER STATUTE.—Under the act of the legislature approved April 26, 1911 (Stats. 1911, p. 1115), the trustees of a city are not liable for injuries suffered by a person by reason of the defective or dangerous conditions of any street which it is their duty to care for and repair, unless they

shall have had. actual notice of the defective condition of the street and shall have failed for a reasonable time after such notice to repair the same.

[3] ID.—NONLIABILITY OF MUNICIPALITY.—A municipality, in the absence of express statute providing therefor, is not liable for the negligent acts of its agents.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Porter & Sutton for Appellant.

Walter Dunn and Ralph Woods Pontious for Respondents.

SHAW, J.—In this action plaintiff sought recovery of damages alleged to have been sustained as the result of the negligent acts of the city trustees and city engineer of the city of Arcadia.

Upon findings made, it was adjudged that plaintiff recover as against defendant Ehle, who was the city engineer, and take nothing as to defendants Charles A. Billings, J. W. Barnes, A. L. Parker, H. M. Roth, and James A. Stoker, who were trustees of the city, from which part of the judgment adverse to plaintiff he appeals upon the judgment-roll.

In substance, the findings upon which appellant claims the judgment should be reversed and judgment thereon directed in his favor as to the defendants named as trustees are: That the city of Arcadia is a city of the sixth class, and that the parties, other than defendant Ehle, at all times mentioned constitute its board of trustees; that on December 14, 1914, pursuant to an order made by the board of trustees on December 3d, requiring him so to do, defendant Ehle caused a trench five feet deep and eight feet wide to be dug across Huntington Drive for the construction of a storm drain; that on said date, to wit, December 14th, said Ehle left said trench improperly guarded by any warning light or signal to indicate the existence of said trench, or other than a wooden barrier insufficient for such purpose, until

3. Liability of municipality for acts of officers, servants, or agents generally, note, 2 **L. R. A.** (**N. S.**) 147.

after 6 o'clock P. M. of said evening; that said trench "was constructed under the supervision and direction of said Ehle, and he, and he only, had the supervision and direction of the said work of improvement"; that said trustees knew at the time they ordered the construction of said storm drain that it would necessitate the digging of a deep and dangerous trench across the drive, but made no provision for guarding the said trench or the placing of any warning lights or signals to indicate its existence, "but that said defendants did not, nor did any of them, have any actual notice that said trench was left unguarded and without any warning lights or signals, nor did any of them have anything to do with the work of constructing said trench other than to instruct said Ehle, as aforesaid, to have the said drain constructed as aforesaid"; that about 5:45 o'clock P. M. of the day on which said trench was dug, and while so improperly guarded and without light or signal to indicate its existence, plaintiff was traveling along said street in an automobile, proceeding with due care for his safety, and, being unaware of the existence of said trench, was precipitated into the same, as a result of which he suffered bodily injury in the sum of five hundred dollars and his automobile was damaged in the sum of $475, for which sums the court, as a conclusion of law, found that plaintiff was entitled to judgment against defendant Ehle, and as to the other defendants that he was entitled to take nothing.

[1] These findings present a case almost identical with the facts involved in *Merritt v. McFarland*, 4 Cal. App. 390, [88 Pac. 369], where it was said: "As to the liability of the city trustees: they are only the agents of the city and, as such, they appoint the superintendent of streets. They do not, however, stand in the relation of principal to the superintendent, and are not responsible for the faithful performance of the duties of his office." To the same effect is *Brown v. West*, 75 N. H. 453, [76 Atl. 169], in which it was held that where the selectmen of a town are in charge of the improvement of a highway, not as principals, but *as the agents of the town,* and have placed a superintendent in charge of the work, the selectmen are not liable for injuries to a traveler by reason of the superintendent's negligence and failure to put out warning lights at night indicating a point of danger on the road being repaired, and that

the doctrine of *respondeat superior* does not apply to such a case. The principle upon which a recovery is denied in such cases is that "an agent is not in general liable to third persons for the misfeasance or malfeasance of subagents employed by him in the service of his principal," unless he directs or authorizes the particular wrongful act of the subagent. (31 Cyc. 1563; 50 Am. St. Rep. 122; Story on Agency, 9th ed., sec. 313.) In directing the city engineer to construct the storm drain, the trustees were not guilty of any negligence; nor does it appear that in digging the trench he committed any wrong. The negligence consists in leaving the trench improperly guarded, an act on his part which was wholly unauthorized by the trustees; and having no notice of such negligent act, they cannot be charged with damages resulting therefrom. Appellant relies largely upon the case of *Doeg* v. *Cook,* 126 Cal. 213, [77 Am. St. Rep. 171, 58 Pac. 707]. Nothing said in that case, however, is opposed to the views here expressed. There it was made to appear that the trustees had *actual knowledge of the dangerous condition of a highway,* and because of this knowledge of its unsafe and dangerous condition, it became their imperative duty to see that the same was repaired. The facts there involved differ from these, in that in the instant case the court finds that defendants, trustees, did not, nor did any of them, have any *actual notice* that said trench was left unguarded and without any warning lights or signals.

[2] Not only is the conclusion of the trial court upon the findings made supported by authority, but under the facts found the trustees are protected from liability under an act of the legislature approved April 26, 1911 (Stats. 1911, p. 1115), which provides that if, in consequence of the dangerous or defective condition of any street, anyone shall suffer injury, no officer who has charge of or whose duty it is to care for or repair such street shall be liable for such injury, unless such officer shall have had *actual notice* of the defective condition of the street, as Ehle, the engineer, had, and shall have failed for a reasonable time after notice to repair the same. Hence, under the provisions of this statute, since the court finds that the trustees had no actual notice of the dangerous condition in which the street had been left by the city engineer, they could not, in any event, be held liable for damage sustained.

[3]  As to the city of Arcadia, also made a party defend-
ant, the court sustained a general demurrer to the com-
plaint, and this ruling is assigned as error.  That it was cor-
rect is supported by an unbroken line of authorities from
an early date in the judicial history of the state down to the
present time.  (See *Davoust* v. *City of Alameda,* 149 Cal.
75, [9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536, 84 Pac. 760],
and cases there cited.)  No doubt the legislature, recogniz-
ing the rule that a municipality, in the absence of express
statute providing therefor, is not liable for the negligent
acts of its agents, intended to enact a law changing the
rule, since in the act of 1911 above referred to it, after
providing in what cases an officer of a city might be held
liable, provided that damages may be recovered against a
county, city, or city and county, as in ordinary actions for
damages due to negligence.  This statute, however, in so far
as it concerns the point under discussion, cannot be in-
voked in aid of appellant's contention, for the reason that
in so far as it purports to apply to municipal corporations,
the subject was not within the scope of the act as described
in its title, as required by section 24, article IV, of the
constitution.  (*Brunson* v. *City of Santa Monica,* 27 Cal.
App. 89, [148 Pac. 950].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.