[Crim. No. 2014. Second Appellate District, Division Two.—December 3, 1930.]

THE PEOPLE, Respondent, v. NATHAN YAROSLAW-SKY, Appellant.

THE PEOPLE, Respondent, v. WILLIAM F. CRANE et al., Defendants; THEODORE ROSNER et al., Appellants.

C. B. Conlin for Appellants.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendants Theodore Rosner and Morris Itzkowitz, together with William F. Crane and Carl Williams, were charged by information with the possession of two stills. The defendant Yaroslawsky by a separate information was charged with the possession of a still. The information was dismissed as to the defendant Carl Williams. The remaining defendants were found guilty of the offenses charged. William F. Crane was granted a new trial. The other three prosecute this appeal from the judgment pronounced upon the verdict and also from an order denying their motion for a new trial.

Being a criminal case and the liberty of the appellants being at stake, we have been at pains to examine all of their contentions, but have found them to be without merit. What we have done in this regard has been in spite of a violation of rule VIII of the rules of the Supreme Court and District Courts of Appeal, which requires the brief to "present each point separately, under an appropriate heading, showing the nature of the question to be presented", and further says that "for the failure of the appellant" in this regard the court may of its own motion "dismiss the appeal". If counsel would only take into consideration the difficulties with which we are confronted in an endeavor to determine from the record and the briefs exactly the occurrences in the trial court, and the precise points upon which they rely, we are sure it would not be necessary to call to their attention a rule adopted for the purpose of preventing a conglomeration of recitals which we are expected to dissect for the purpose of attempting to arrive at their contentions. A dismissal of the appeal would be a proper proceeding in this and all other like violations of the rule. However, as we have indicated, so far as we can discover there is no merit in the appeal.

Judgment and order affirmed.

Works, P. J., and Craig, J., concurred.