[Civ. No. 6706.   Second Appellate District, Division Two.—April 24, 1931.]

C. FRED HAWKINS, Respondent, v. M. G. DOOLITTLE, Appellant.

Earl Curtis Peck for Appellant.

J. Marion Wright and Richards, Bruns & Poyet, for Respondent.

THOMPSON (IRA F.), J.—The plaintiff herein filed his complaint to recover a real estate commission from the defendant.  The first cause of action alleged the services of plaintiff to have been rendered to defendant and that they were of the reasonable value of $2,500; the second count was one for money had and received; and the third alleged that plaintiff was employed by one H. B. Dobbins to effect a sale of certain real property in Kern County, California, which sale was consummated and Dobbins thereby became indebted to plaintiff in the sum of $2,500; that while the sale was pending Dobbins refused to go forward therewith, whereupon the defendant agreed in writing to pay plaintiff the commission if plaintiff would release Dobbins and permit the sale to be consummated; that plaintiff did release Dobbins from the claim but that defendant had since neglected to fulfill his part of the bargain.  The case was tried and the court found the allegations of the third count to be true except that the amount was $1250 instead of that

claimed, for which sum plaintiff was given a judgment. This is an appeal therefrom.

■ In rule VIII of the Rules of the Supreme Court and District Courts of Appeal it is said:

"The briefs must present each point separately, under an appropriate heading, showing the nature of the questions to be presented.

"For any failure to observe this rule the court may, of its own motion, . . . for the failure of the appellant, dismiss the appeal."

The brief of appellant contains the following headings: "The Pleadings"; "The Findings"; "The Employment"; "That Hawkins Effected an Exchange"; "That Dobyns Had Promised to Pay Plaintiff $1250.00"; "The Agreement by Appellant".

Counsel are quick to complain of the congested condition of the calendars of trial as well as appellate courts, and rightfully so. But it seems necessary for us to take drastic action in order to compel an observance of rules designed to assist us in the disposition of the work. Where in the headings do we find even a suggestion of the nature of the point to be discussed? In fact, the points are not presented in the headings at all. We can gather no conception of the discussion to follow. For the purpose of complying with the rule the headings employed might just as well be eliminated. We have read the briefs and come to a conclusion upon the merits to the effect that the judgment should be affirmed, but were the conclusion otherwise, even then we should feel compelled to dismiss the appeal.

Appeal dismissed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 23, 1931.