[Civ. No. 7937. First Appellate District, Division Two.—August 28, 1931.]

RICHMOND TERMINAL CORPORATION (a Corporation), Appellant, v. PARR TERMINAL COMPANY, (a Corporation) et al., Respondents.

M. H. Peterson for Appellant.

T. H. DeLap, Tinning & DeLap, Morrison, Hohfeld, Foerster, Shuman & Clark and C. Coolidge Kreis for Respondents.

SPENCE, J.—Defendants' demurrers to plaintiff's second amended complaint were sustained with leave to amend. Plaintiff failed to amend after notice and judgment was

entered in favor of defendants. Plaintiff appeals upon the judgment-roll.

The complaint in question is entitled "Action for Damages" and covers twenty pages of the transcript. It appears to be drawn upon the theory that a conspiracy existed between the defendants, for it is alleged in various places that defendants conspired to do certain acts. Such allegations are insufficient unless it appears that some right of plaintiff has been violated by some alleged wrongful act or acts of defendants for . "conspiracy cannot be made the subject of a civil action unless something is done which without the conspiracy would give a right of action". (*Bowman* v. *Wohlke,* 166 Cal. 125 [Ann. Cas. 1916B, 1011, 35 Pac. 37, 39]; *Moropoulos* v. *C. H. & O. B. Fuller Co.,* 186 Cal. 679 [200 Pac. 601]; *Menner* v. *Slater,* 148 Cal. 285 [83 Pac. 35, 39]; *Dowdell* v. *Carpy,* 129 Cal. 168 [61 Pac. 948].) In our opinion plaintiff's complaint failed to show that any act of the defendants violated any of its rights.

We have endeavored to ascertain appellant's theory from the brief on file, but it has not been helpful. It fails to comply with rule VIII of the Rules of the Supreme Court and District Courts of Appeal, which provides that "The briefs must present each point separately under an appropriate heading showing the nature of the questions to be presented." The headings of the appellant's brief are "Statement of the Case", "Points and Authorities", "Point 1", "Point 2", "Point 3". Any points which appellant may have desired to urge are not presented in the headings at all and the body of the brief is not enlightening. The headings in appellant's brief should show the points involved in the appeal and should be so stated as to compel a reversal in the event that the points stated in the headings are well taken. Otherwise the difficulty of opposing counsel in answering the brief and of the court in ascertaining the points to be decided is at once apparent and the purpose of the rule is defeated. Although the appeal might be dismissed solely because of appellant's failure to comply with the rule (*Hawkins* v. *Doolittle,* 113 Cal. App. 619 [298 Pac. 862]), we have examined the second amended complaint and are satisfied that it failed to state a cause of action.

The judgment is affirmed.

Nourse, P, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1931.