[Civ. No. 8067. First Appellate District, Division Two.—January 5, 1932.]

JAMES B. STOUT, Respondent, v. LYMAN FARWELL et al., Appellants.

D. A. Knapp for Appellants.

Victor R. Hansen and Lloyd S. Nix for Respondent.

SPENCE, J.—Defendants appeal solely upon the judgment-roll from a judgment decreeing foreclosure of a mechanic's lien in the sum of $248.24.

Appellants' brief fails to comply with rule VIII of the Rules for the Supreme Court and District Courts of Appeal. It contains but two headings, "The Complaint", and

"The Findings", neither of which heading shows "the nature of the question to be presented". We again wish to stress the importance of compliance with said rule and to point out that under its provisions an appeal may be dismissed for failure to comply therewith. (*Richmond Terminal Corp.* v. *Parr Terminal Co.*, 116 Cal. App. 368 [2 Pac. (2d) 579]; *Hawkins* v. *Doolittle*, 113 Cal. App. 619 [298 Pac. 862].)

Owing to the brevity of appellants' brief it is not difficult to ascertain that the main contentions are that the complaint and findings are insufficient. No demurrer to the complaint was interposed, but appellants now seek a reversal upon the ground that the complaint, the allegations of which were followed in the findings, contained no direct averment to the effect that the materials were used and that the labor was performed in the construction of the building upon the premises described. The attack is somewhat similar to the one made upon the complaint and findings in *Stone* v. *Serimian,* 198 Cal. 520 [246 Pac. 45], where it was held that the omission of such direct averment was not necessarily fatal. In the present case we may summarize by stating that in this connection the complaint alleged that appellant Lyman Farwell was the owner of the premises described; that he began the erection and construction of a building upon said premises, and that respondent, at the special instance and request of said appellant, sold and delivered to him certain materials and performed certain labor "in connection therewith" of a certain reasonable value. These allegations were followed by the customary allegations found in a complaint to foreclose a mechanic's lien and the customary prayer for foreclosure of the lien. Appellants contend that the words "in connection' therewith", as used in the complaint, merely signify that the labor was performed in connection with the materials furnished without reference to any particular building, while respondent contends that said words signify that the materials were used and that the labor was performed in connection with the construction of the building upon the premises described. It may be conceded that the allegations are open to either construction and that the complaint would be subject to attack by way of special demurrer for uncertainty. Nevertheless, every intendment must now be in-

dulged in favor of the judgment (2 Cal. Jur. 852), and in our opinion it cannot be said that the complaint fails to state a cause of action nor that the findings do not support the judgment.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.