[Civ. No. 7167.   Second Appellate District, Division Two.—June 10, 1932.]

## WILLIAM BEST, Respondent, v. JOHN MARTIN, Appellant.

H. M. Mayes for Appellant.

Gilbert J. Heyfron and Harry Tullar for Respondent.

FRICKE, J., *pro tem.*—Appellant's opening brief wholly fails to comply with that portion of rule VIII of the Supreme Court and District Courts of Appeal, which requires that ''the briefs must present each point separately, under an appropriate heading, showing the nature of the question to be presented''.   This court has repeatedly called attention to the provisions of this rule and the penalties involved for its violation.   (See *Barnes* v. *Cocke*, 99 Cal. App. 700 [279 Pac. 190], wherein appellant's brief was stricken from the files; *Withers* v. *Southern Pac. Co.*, 101 Cal. App. 373 [281 Pac. 518], wherein the judgment was affirmed because of appellant's failure to comply with the rule; *People* v. *Yaroslawsky*, 110 Cal. App. 175 [293 Pac. 815], wherein the

court calls attention to the propriety of dismissing an appeal for the same violation of the rule as is presented in the case at bar; *Hawkins* v. *Doolittle,* 113 Cal. App. 619 [298 Pac. 862], *Haverty Co.* v. *Pacific Indemnity Co.,* ▉(Cal. App.) 67 Cal. App. Dec. 268 [4 Pac. (2d) 214], and *Culver City Lime Co.* v. *Orlopp,* 123 Cal. App. 519 [11 Pac. (2d) 635], wherein the appeals were dismissed for the same cause, and *Burns* v. *Renaker Co.,* 116 Cal. App. 139 [6 Pac. (2d) 408], wherein respondent's brief was stricken from the files for violation of the rule.)

In *Hawkins* v. *Doolittle, supra,* this court called attention to the fact that noncompliance with the rule would compel the dismissal of the appeal regardless of its merits. In *Haverty Co.* v. *Pacific Indemnity Co., supra,* this court said: "But, in view of repeated cautionary expressions of this and other courts we are compelled to instill respect for rules of court and previous rulings and to require their observance by those who must be presumed to be familiar with them." The warning was again sounded in *Burns* v. *Renaker, supra,* wherein the court, after calling attention to the violation of its rules, said: "We have formerly been lenient as to these matters, but the evil seems to grow under this benevolent lack of regimen. We have lately, therefore, enforced the penalties incurred by a violation of the rules except in particular cases in which there has seemed to be some excuse for the dereliction, and the other courts of review of the state have also become more severe in such cases. It seems that in the matter of obedience to the rules of court we should make strenuous endeavor to see to it that many members of the bar who are not now so doing shall resume the practice of the law; for rules of court, generally speaking, have the force of law, and a knowledge of their purport is as necessary to the practitioner at the bar as is his knowledge of the law itself, properly so called."

▉ In view of the fact that rule VIII is not of recent adoption and the repeated attention which has, by judicial opinion, been called to its violation and the penalties at-

tendant thereto, a substantial failure to comply with its provisions is inexcusable and cannot be condoned by the court.

The appeal is dismissed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 8, 1932.