[Civ. No. 7241. Second Appellate District, Division One.—June 20, 1932.]

DONALD D. ADAMS, Respondent, v. STANDARD AC-CIDENT INSURANCE COMPANY (a Corporation), Appellant.

Culver & Nourse and Harold J. Richardson for Appellant.

John F. Poole for Respondent.

CONREY, P. J.—By a contract dated June 23, 1924, the plaintiff, and defendant Zimmerman doing business as the Zimmerman Construction Company, entered into an agreement for the erection of a one-story and basement warehouse, etc. In respect to this contract the appellant company executed a "faithful performance" undertaking, in a sum equal to twenty-five per cent of the contract price. The liability covered by the judgment in this action is based upon the failure of the contractor to pay for materials furnished for use and actually used in the building, and the subsequent enforcement of the materialman's lien by judgment against the plaintiff herein. ■ In appellant's brief, filed herein, it did not "present each point separately, under an appropriate heading, showing the nature of the question to be presented". (Rule VIII.) In other words, there is no direct and specific statement of errors shown by the record. Such assignment of error should take the form of one or more stated propositions, which, if sustained, would lend reasonable support to appellant's demand for reversal of the judgment.

In his final paragraph, headed *"Conclusion"*, counsel for appellant states that the court erred in holding against appellant on its special defense that this action was commenced too late because it was brought over two years after the actual completion of the building. This, it is admitted, was the principal matter raised by way of defense. ■ It was based upon a term of the undertaking which limited the owner's right of action to the period of twelve months "after the date, time or period fixed in the contract for the completion of the work specified therein". It is established law that such a stipulation may be made, even though the specified period be shorter than that of the statute of limitations, if the contract period be not so unreasonable as to show imposition or undue advantage in some way. (*Beeson* v. *Schloss*, 183 Cal. 618, 622 [192 Pac. 292].) ■ But in the present case the contract did not fix any time for completion of the work, and the evidence

does not definitely establish the date when the building was completed, after the abandonment by the contractor. In view of the contested validity of the materialman's claim, and in view of the refusal of appellant to join in the defense made against that claim, we cannot say that the court erred in deciding, as by implication it did decide, that the twelve months' limitation referred to in the undertaking had not run against respondent at the time when this action was commenced.

There being no merit in the point suggested as constituting the principal ground of appeal, the judgment is affirmed. The purported appeal from an order denying motion for new trial is dismissed.

Houser, J., and York, J., concurred.