[Civ. No. 11234.  First Appellate District, Division Two.—March 26, 1940.]

R. A. FARISH, Respondent, v. PACIFIC INDEMNITY COMPANY (a Corporation) et al., Appellants.

Courtney L. Moore and Walter A. Dold for Appellants.

Ray E. Montrose for Respondent.

SPENCE, J.—Plaintiff brought this action upon a bond executed by defendant DuPuy, as principal, and defendant Pacific Indemnity Company, as surety.  The cause was tried by the court sitting without a jury and plaintiff recovered a judgment in the sum of $9,915.89.  Defendants appeal from said judgment.

Defendant DuPuy had entered into a contract with the Joint Highway District No. 13 for the construction of a portion of the Broadway low level tunnel.  The above-mention bond in the sum of $218,000 was executed pursuant to the requirements of the Public Works Act.  (Deering's Gen. Laws, Act 6423.)  DuPuy subcontracted the grading and paving portion of the work to P. L. Burr.  Burr subcontracted certain grading work to plaintiff, R. A. Farish, who in turn subcontracted to Tieslau Brothers the work of re-

moving the dirt from the tunnel after the grading and piling by plaintiff. Tieslau Brothers rented the equipment for the removal of said dirt from A. J. McCosker. The work covered by plaintiff's original contract was completed and certain additional work was done by plaintiff, including further grading and the furnishing of equipment and men to DuPuy and Burr. The work under plaintiff's original contract was done at an agreed total cost while the additional work was done upon an hourly basis. Plaintiff continued to perform the work and to furnish the equipment until October 15, 1937, when he was forced to quit because of his failure to receive the agreed payments.

Prior to the filing of this action upon the bond, plaintiff has received, either directly or indirectly through payments made to plaintiff's subcontractors and men, the following amounts: (1) $1500 paid by Burr to plaintiff; (2) $2,000 paid by Burr to Tieslau Brothers, and (3) $6,140.31 paid by Burr to Farish's employees, making a total of $9,640.31. Separate actions were filed upon the bond by each of the following: Burr, Farish, Tieslau Brothers and McCosker. Tieslau Brothers included in their complaint the claim of McCosker. Farish included in his complaint the claim of Tieslau Brothers. Burr included in his complaint the claim of Farish. These actions were tried at the same time with the exception of the action brought by Burr, in which last-mentioned action a jury trial had been demanded. Separate findings and judgments were entered, the judgments in favor of Tieslau Brothers and McCosker aggregating the sum of $3,623.75. In this action the trial court found that the reasonable value of the materials and labor furnished by plaintiff and the renting and hiring of equipment by plaintiff for said work was the sum of $23,179.95, being the amount of $24,849.90 alleged in the complaint less certain items disallowed by the trial court. From the reasonable value so found, the trial court deducted the sum of $9,640.31, being the sum previously received by plaintiff, directly or indirectly as above set forth, and also the sum of $3,623.75, being the aggregate amount included in the judgments in favor of Tieslau Brothers and McCosker. This left a balance of $9,-915.89, for which sum the judgment was entered in favor of plaintiff herein.

■ A reading of the briefs discloses that defendants contend that the judgment should have been entered in the sum

of $3,089.64 instead of the sum of $9,915.89. Defendants do not, however, set forth in the headings in their briefs any points which require a reversal or modification of the judgment. (*Richmond Terminal Corp.* v. *Parr Terminal Corp.*, 116 Cal. App. 368 [2 Pac. (2d) 579]; *Adams* v. *Standard Acc. Ins. Co.*, 124 Cal. App. 393 [12 Pac. (2d) 464].) It does not appear from said headings that any claim is made that the evidence was insufficient to support the findings of the trial court and there can be no doubt that said findings support the judgment entered. In the body of the briefs there appears to be some claim of insufficiency of the evidence to support the findings but defendants seek to clarify their position in the reply brief by the following statements "So that there can be no misunderstanding, and the position of appellants may be readily and easily understood, appellants claim that Farish's efforts to charge the general contractor's bondsman with $660 for foreman's time and $5,866.25 for the removal of the dirt from the Broadway low level tunnel job, is erroneous because Farish did not pay the foreman the $660, and because the removal of the dirt was actually performed by Tieslau Bros. (who were subcontractors of Farish) and who have been paid for their work and labor by appellants. . . . The issues in the present case are, therefore, purely factual, namely, whether Farish paid for the foreman's charge, and whether he actually performed the hauling of the dirt out of the tunnel, for both of which items he is attempting to recover."

The factual issues last mentioned may be readily disposed of as both sides agree that Farish did not pay the foremen and that Farish did not perform the hauling of the dirt out of the tunnel. It is conceded by all that Burr paid the foremen and that Tieslau Brothers did the hauling. It does not appear, however, that the items for either foremen's pay or hauling were included in the judgment entered in favor of plaintiff.

As we read the record, plaintiff sought to recover the reasonable value of all services performed by him and by his subcontractors, including the furnishing of labor and materials and the furnishing of equipment, less certain payments previously made as above set forth. There was ample evidence to show the reasonable value of all of these services. It appeared, however, that Burr, and not the plaintiff, had paid the foremen's wages and the trial court eliminated

these items from the judgment in this action. It further appeared that while plaintiff had performed the *excavating, grading, piling and hauling,* either directly or through his subcontractors, the *hauling* had been done by Tieslau Brothers, who had used the equipment rented from McCosker. The trial court therefore eliminated from the judgment in this action the sums which Tieslau Brothers and McCosker had received by way of payments from Burr or had recovered in their actions upon the bond. In our opinion there was ample evidence to sustain the judgment entered in favor of plaintiff for the balance remaining after eliminating said items.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.