[Civ. No. 11670.    First Dist., Div. Two.—April 23, 1941.]

F. A. FALLON, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Respondents.

Hyman & Hyman for Appellant.

John J. O'Toole, City Attorney, and Reynald J. Bianchi, Deputy City Attorney, for Respondents.

SPENCE, J.—Plaintiff brought this action seeking an injunction. Defendants demurred to the amended complaint and their demurrer was sustained without leave to amend. Judgment was thereupon entered in favor of defendants and from said judgment, plaintiff appeals.

This controversy arose out of the determination of the Board of Supervisors of the City and County of San Francisco to reduce the width of the sidewalk along certain portions of Market Street. Plaintiff alleged in his complaint that he is a property owner on Market Street whose property extends to the center line of the street; that the basement of plaintiff's hotel building extends under the sidewalk area; that "the City and County of San Francisco has an easement over and upon said property, the said easement being for a public use and for a street and sidewalk"; that in 1937, the Board of Supervisors adopted an ordinance reducing the width of the sidewalk; that plaintiff was advised that the curb would be moved back and that plaintiff would have to arrange to have his basement set back to conform to the new curb; that said ordinance is illegal and void and a nullity; and that defendants threaten to proceed with the work unless enjoined. The remaining allegations are not material for the purpose of this discussion.

Plaintiff contends that the ordinance "reducing sidewalk widths on Market Street is void and unconstitutional", citing article I, section 14 of the state Constitution and the Fourteenth Amendment of the federal Constitution prohibiting the taking of private property without just compensation and without due process of law. We find no merit in this contention and we are of the opinion that said contention is based upon a misconception of the relative rights of plaintiff and the public with respect to the area in question. The nature of the public easement in streets and of the paramount right of the public to use such streets, including the space above and beneath the surface, for all reasonable uses is discussed at length in *Hayes* v. *Handley*, 182 Cal. 273, at pages 281 to 284 [187 Pac. 952]. We believe that the prin-

ciples enunciated in that decision are controlling here. It appears therefrom that any right of abutting owners to use the area beneath the surface of the streets is subordinate to the paramount right of the public to make any reasonable use of such area. There could therefore be no taking of property of the abutting owners resulting from the reducing of the width of the sidewalk as provided in said ordinance.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.