[Civ. No. 18189.   Second Dist., Div. One.   Oct. 16, 1951.]

AIRWAYS WATER COMPANY, INC., Respóndent, v. COUNTY OF LOS ANGELES, Appellant.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Appellant.

Samuel M. Garroway, Frederick L. Botsford, C. W. Cornell and O. O. Collins for Respondent.

DRAPEAU, J.—The facts in this case have been stipulated by the parties.

Plaintiff is a public utility water company, supplying water near the city of Inglewood, in the county of Los Angeles. Easements for plaintiff's water mains were granted by owners of the real property, and the mains were placed underground along Anza Avenue prior to its dedication as a public highway. All of the places mentioned are in unincorporated territory in the county.

Dedication of the highway was by filing subdivision maps, in accordance with section 11590, Business and Professions Code. On these maps appeared a certificate executed by plaintiff and the title owners of the property, as follows:

"We hereby certify that we are the owners of an interest in the land included within the subdivision shown on the annexed map and that we are the only persons whose consent is necessary to pass a clear title to said land, and we consent to the making and recordation of said map and subdivision as shown within the colored border line, and we hereby dedicate to public use all the streets, places and avenues shown on said map within said subdivision."

There were no reservations or exceptions in the certificates of dedication and the subdivision maps indicate an 80-foot right of way designated as Anza Avenue, with no portion of it set apart for a parkway. Section 11590, Business and Professions Code, requires reservations, if any, to be set forth in the offer.

Prior to the dedication, the County Road Department proposed and recommended that Anza Avenue be improved as a secondary highway, with a parkway 12 feet wide on either side of the paved portion thereof. Plaintiff, knowing the proposed plan, placed its water mains underneath the parkway, where they would not be disturbed by such improvement. Had Anza Avenue been maintained under the original plan, plaintiff's mains would not have been affected.

But the plan was changed, and the county contracted with contiguous property owners to make Anza Avenue a primary highway of such width as to require paving and curbing over

most of the 12-foot parkway. It thus became necessary to relocate certain of plaintiff's water mains. Upon request of the county, plaintiff did so, at a cost of $5,598.34. Claim for reimbursement was duly presented to the county, which claim was rejected.

The superior court made its findings upon the agreed facts, concluded that judgment should be for plaintiff, and judgment passed accordingly. Defendant appeals from the judgment.

Defendant county states that the only question here is one of law as to the rights of the owner of a private easement after he has joined with owners of contiguous property in dedicating a highway to public use. In other words, it is defendant's position that by joining in the execution of an unequivocal dedication of the 80-foot right of way the water company subordinated its private easement to the right of the public to use any portion of Anza Avenue for highway purposes, when required by public convenience and necessity; and that, therefore, the water company must bear the cost of relocating its water mains.

It is plaintiff water company's position that its easement was not conveyed by, or included in the dedication; that it was not a part of the dedication; that it has at all times remained in plaintiff; that plaintiff's right to maintain and use its water mains as located prior to the dedication is superior to whatever rights the county acquired by the dedication; and that the trial court correctly determined that the county should reimburse the water company. It is also plaintiff's position that in any event the county is estopped, in the circumstances of this case, from requiring plaintiff to pay this cost.

Plaintiff argues that all equities are in its favor; that it was requested to join in the dedication in order to clear up the title of the county to its easement; and that the county at all times recognized plaintiff's use of a portion of the highway.

Defendant argues to the contrary; that the water company was influenced by its expectation of increased population and new customers.

Whatever the equities may be, the primary question for this court to determine is the scope and extent of the title which vests in the state, or any of its agencies, upon dedication of property for highway purposes. To do otherwise would be to exemplify the hoary legal adage that hard cases make bad laws.

Plaintiff's rights and the rights of contiguous landowners are to be measured by the terms of their conveyance to the county. The maps and acceptance thereof dedicated Anza Avenue as delineated thereon to county road purposes. (*Watson* v. *Greely,* 69 Cal.App. 643 [232 P. 475].) Upon recordation of the maps title to the property for highway purposes vested in the county. (Bus. & Prof. Code, § 11615.) ■ While the county's right of way is an easement, neither the owners of adjoining land nor plaintiff may use the highway for any purpose inconsistent with the right of the public to its full and free enjoyment as such. Such rights as plaintiff and adjoining landowners may have are subordinate to, and must yield to the public use. (*Pasadena* v. *California-Michigan etc. Co.,* 17 Cal.2d 576 [110 P.2d 983, 133 A.L.R. 1186] ; *Hayes* v. *Handley,* 182 Cal. 273 [187 P. 692] ; *Colegrove Water Co.* v. *City of Hollywood,* 151 Cal. 425 [90 P. 1053, 13 L.R.A.N.S. 904] ; *People* v. *Henderson,* 85 Cal.App.2d 653 [194 P.2d 91].) ■ The public is entitled to the use of all the territory platted and dedicated as a public street. (*Merritt* v. *McFarland,* 4 Cal.App. 390 [88 P. 369].) ■ With changing conditions of travel, a city has the right to adapt and appropriate its highways from time to time to such uses as in its judgment will be most conducive to the public good. (*Wattson* v. *Eldridge,* 207 Cal. 314 [278 P. 236].)

No case has been cited to, or found by this court precisely on the question as to who has the burden and must pay the cost of relocating pipe lines in place before dedication of highways.

When such structures have been placed in state highways under franchise, section 680 of our Streets and Highway Code makes it the obligation of the franchise holder upon demand of the state to move the pipe lines at the cost and expense of the franchise holder. In this case plaintiff's rights were not acquired by franchise, and the code does not give county boards of supervisors the rights set forth in section 680 Streets and Highways Code.

■ But the county holds the property for highway purposes. The effect of the dedication was to make these purposes superior and paramount to the prior rights of plaintiff and the other landowners. (*Pasadena* v. *California-Michigan etc. Co., supra; Fallon* v. *City and County of San Francisco,* 44 Cal.App.2d 404 [112 P.2d 718].)

Therefore it is the conclusion of this court that plaintiff

has an easement to maintain its water mains underneath Anza Avenue so long as such maintenance is not in unreconcilable conflict with its use for highway purposes (*Pasadena* v. *California-Michigan etc. Co., supra*) and that inasmuch as such easement must give way to reasonable use of Anza Avenue for highway purposes plaintiff must pay the cost of relocating its mains.

Nothing in the agreed statement of facts supports plaintiff's suggestion of estoppel of defendant. When the dedication was made, the right of the county to change and improve the highway with changing conditions (*Hayes* v. *Handley, supra*), was as apparent to the water company as it was to the county.

The judgment is reversed.

White, P. J., concurred.

Doran, J., dissented.

Respondent's petition for a hearing by the Supreme Court was denied December 13, 1951. Carter, J., and Schauer, J., voted for a hearing.