[Civ. No. 19583. First Dist., Div. One. June 29, 1961.]

THE PEOPLE ex rel. the Department of Public Works,
Respondent, v. CLYDE HENRY, Appellant.

Lester L. Brown for Appellant.

Robert E. Reed, Harry S. Fenton, Emerson W. Rhyner, James M. Moose, Jr., and Robert A. Munroe for Respondent.

DUNIWAY, J.—This is an action by the People to collect from defendant the cost of moving a water main located in Marsh Road, San Mateo County. The People had judgment, and defendant appeals.

Respondent correctly points out that appellant's brief does not comply with rule 15(a), Rules on Appeal. His points are not stated separately, nor are they under appropriate headings. The only headings in the brief are ''Statement of Facts'' and ''Contentions of Appellant,'' and there is no logical or other breakdown or organization of the contentions. Such ''headings'' and lack of organization are of no help to us, and we could well dismiss the appeal on that ground. (*Hawkins* v. *Doolittle,* 113 Cal.App. 619 [298 P. 862].) The rule is an old one, and should be observed, as doing so produces a brief that is better organized and is thus more helpful both to the court and to counsel. However, because to dismiss the appeal would be to penalize the appellant for the inadequacy of counsel's brief, we consider the appeal on its merits. (*Cf. Olson* v. *Glens Falls Insurance Co.,* 181 Cal.App.2d 165, 167 [5 Cal. Rptr. 233].)

It appears to be the contention of appellant that the evidence does not support the findings and the latter do not support the judgment. The attack, however, is not upon all of the findings. We state the facts as found.

The water main, owned by defendant doing business as Friendly Acres Water Company, was a 3½-inch welded steel pipeline and was located in Marsh Road, a county highway. Under an agreement between the state and the county, a portion of the road (an approach to the Bayshore Freeway) was to be reconstructed by the state. This required relocation of the pipe, which was done by the state at a cost of $7,807.38, which was the reasonable cost of doing the job. Appellant ''had no permit, franchise, license, easement, or other right for the installation or maintenance of his said water pipe line in Marsh Road.'' The quoted language is the only portion of the findings attacked. It is sustained by ample evidence, and on appeal it matters not that contrary evidence was offered by appellant and received by the trial court. That court, not this court, resolves conflicts in the evidence.

In response to requests for admissions, under Code of Civil Procedure section 2033, appellant said: "6. That defendant knows of no permit or franchise issued by the Board of Supervisors of San Mateo County or any agency of San Mateo County for the installation or maintenance of said water mains and other facilities in said county road. 7. That he knows of no grant or grant of easements for the installation of said water mains and other facilities in said county road." A quitclaim deed dated April 8, 1936, received by appellant from his predecessor, conveyed to him an existing water system, but mentioned no easements or rights of way. A map, prepared by appellant and attached to an application made by him to the Railroad Commission on October 8, 1936, shows no pipeline in the portion of Marsh Road in question, but does show other pipelines. A subdivision map recorded January 18, 1937, shows a dedication of a 13-foot strip as part of Marsh Road, but shows no easement for this pipe and no consent to the making of the map by appellant as owner of any easement or right of way for a pipeline therein. (*Cf.* Stats. 1929, ch. 837, requiring such consent.) All of this evidence would sustain a determination that, contrary to appellant's contentions, the pipe was installed by him in the road after the subdivision and after the dedication of the strip, and that the installation was wrongful. Appellant's claim that the pipe was installed in the 13-foot strip before it was dedicated, and with the oral permission of the then owner of the tract, merely raises a conflict in the evidence, which the trial court resolved against him.

Since Marsh Road was a county highway, and since appellant had no easement therein, he could be required to move the pipe when the road was reconstructed by the state under the contract with the county, and when he failed to do so after notice and demand, the state could move it and collect the reasonable cost from him. (*Airways Water Co.* v. *County of Los Angeles,* 106 Cal.App.2d 787 [236 P.2d 199]; and *cf. Southern Calif. Gas Co.* v. *City of Los Angeles,* 50 Cal.2d 713 [329 P.2d 289].) If, as these cases hold, a utility having a franchise can be compelled to move its pipes at its own expense, then *a fortiori* one having no franchise can be so compelled. (See Sts. & Hy. Code, §§ 1480-1485.) It follows that the findings support the judgment.

Appellant's reliance upon Streets and Highways Code, sec-

tion 703, is misplaced. Marsh Road is not a freeway, and appellant's pipe was unlawfully installed and maintained in it.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.